IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY DENARD NORWOOD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-3835-O-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ricky Denard Norwood, a Texas prisoner, has filed an application for

writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the

application should be dismissed with prejudice on statute of limitation grounds.

**Background**

On January 30, 1990, Petitioner guilty was found guilty of burglary of a

habitation and was sentenced to 20 years of imprisonment to run consecutively with

consecutive life terms of imprisonment imposed for two convictions for aggravated

robbery. All three convictions were affirmed on appeal. *See Norwood v. State*, No. 05-

90-00200-CR (Tex. App. – Dallas, Dec. 5, 1990, no pet.). Petitioner filed an application

for state post-conviction relief that was denied without written order. *See Ex parte

Norwood*, WR-80,024-01 (Tex. Crim. App. Aug. 21, 2013).

Petitioner submitted this habeas action, which challenges only his burglary

conviction, for mailing to the federal district court on or about September 14, 2013.

Respondent has filed a preliminary response in which he argues that this case is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitation. *See* Dkt. No. 10. Petitioner's reply brief on the issue of the statute of limitation was received by the Court on December 26, 2013. *See* Dkt. No. 12.

### Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitation for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitation period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitation period. *See id.* § 2244(d)(2). The AEDPA statute of limitation is also subject to

equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitation can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins,* 133 S. Ct. 1924, 1928 (2013). However, the actual innocence gateway is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo,* 513 U.S. 298, 316 (1995)).

## Analysis

Petitioner was found guilty of burglary of a habitation and his conviction was affirmed on direct appeal on December 5, 1990. Because Petitioner did not file a petition for discretionary review, his conviction became final for limitation purposes on January 4, 1991, 30 days after the state appeals court rendered its judgment. *See* TEX. R. APP. P. 68.2(a). The AEDPA and its one-year limitation period became effective when it was signed into law on April 24, 1996. *See United States v. Patterson,* 211 F.3d 927, 929 (5th Cir. 2000). The United States Court of Appeals for the Fifth Circuit has therefore allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998); *see also Flanagan v. Johnson,* 154 F.3d 196, 202 (5th Cir. 1998) (clarifying that one-year grace period extends filing date to April 24, 1997).

Petitioner submitted his application for state post-conviction relief no earlier

than June 19, 2013. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (a prisoner's state habeas application is "deemed filed at the time [it is] delivered to prison authorities"). The application was denied on August 21, 2013. *See Ex parte Norwood*, WR-80,024-01 (Tex. Crim. App. Aug. 21, 2013). Petitioner then submitted this action for mailing to federal district court on or about September 14, 2013.[1]

The AEDPA statute of limitation started to run on April 24, 1996, when the AEDPA was signed into law. The limitation period was not tolled during the pendency of Petitioner's state habeas petition because that application was filed more than one year after the limitation period had run. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"). His federal habeas application is therefore untimely by over 16 years.

In his habeas application and reply brief, Petitioner contends that the AEDPA's one year statute of limitation does not apply because

> [t]his sentence was stacked. I did not start to serve it until this year 2013. The state was combining all sentences but changed the manner of time calculations after I was convicted. My claims did not become ripe until the first sentences ceased to operate.

Dkt. No. 3 at 16; *see also* Dkt. No. 12 at 1-2. However, Petitioner's claims relate to the alleged ineffective assistance of counsel and denial of right to appeal that occurred in

---

[1] Petitioner's habeas application indicates that he placed it in the prison mail system on September 14, 2013. *See* Dkt. No. 3 at 17. Respondent provides evidence that Petitioner submitted the petition to prison authorities on September 17, 2013. *See* Dkt. No. 10-2 at 3.

connection with his original conviction for burglary. That is, the grounds of this habeas application could have been discovered through the exercise of due diligence upon or shortly after his 1990 convictions – well before Petitioner began to serve his burglary sentence in 2013. *See, e.g.*, *United States v. Jackson*, 470 F. App'x 324, 327 (5th Cir. 2012) (finding 28 U.S.C. § 2255 motion time-barred despite the fact that the petitioner began to serve his federal sentence 16 years after the sentence was originally imposed).

The AEDPA's limitation period set forth in 28 U.S.C. § 2244(d)(1) refers to just four possible dates from which the limitation period begins to run: (1) the date the judgment became final; (2) the date an impediment to filing created by an unconstitutional state action was removed; (3) the date the United States Supreme Court first recognized the constitutional right if the right applies retroactively to cases on collateral review; or (4) the date the factual predicate of the claim could have been discovered by due diligence. None of these dates refer to the time at which a prisoner begins serving his sentence of imprisonment for the particular conviction, even if the sentence is consecutive. Accordingly, Petitioner has not established that the limitation period began in 2013. He alleges no other basis for statutory tolling or equitable tolling and does not assert actual innocence.

Without sufficient evidence of actual innocence or a basis for equitable tolling, Petitioner's untimely writ must be dismissed.

### Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by the statute of limitation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 30, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE